1  ERIK S. SYVERSON (SBN 221933)
   esyverson@millerbarondess.com
2  STEVEN T. GEBELIN (SBN 261507)
   sgebelin@millerbarondess.com
3  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
4  Los Angeles, California 90067
   Telephone:  (310) 552-4400
5  Facsimile:  (310) 552-8400

6  Attorneys for Plaintiff
   Life Bliss Foundation, and
7  Nithyananda Dhyanapeetam
   Temple & Cultural Center

8

9              UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

             ED **CV13-00393-JGB(SPx)**

11

12 LIFE BLISS FOUNDATION, a                    CASE NO.
   California Non-Profit Corporation, and
13 NITHYANANDA DHYANAPEETAM
   TEMPLE & CULTURAL CENTER. a
14 California Non-Profit Corporation,

15            Plaintiffs,                       **COMPLAINT FOR VIOLATION OF
                                               CIVIL RACKETEERING
   v.                                          INFLUENCED CORRUPT
16                                             ORGANIZATIONS ACT**

17 SUN TV NETWORK LIMITED, an
   Indian company; NAKKHEERAN
18 PUBLICATIONS, an Indian company;
   KALANITHI MARAN, an individual,
   HANSRAJ SAXENA, an individual,
19 AYYAPPAN R.., an individual, V. RAJA,
   an individual, S. KANNAN, an
20 individual, R. M. R. RAMESH, an
   individual, R. R. GOPAL, an individual,
21 A. KAMARAJ, an individual, LENIN
   KARUPPAN an individual, M.
22 SRIDHAR, an individual, KUMAR
   KARUPPAN, an individual, PRASANNA
23 KUMAR, an individual, AARTHI RAO,
   an individual, and DOES 1 through 10,
24 inclusive,

25            Defendants.

26

27

28

                                       1
                                  COMPLAINT

142884.1

COMES NOW the Plaintiffs, LIFE BLISS FOUNDATION INC. and NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER, by and through their attorneys, and for a Complaint against the Defendants, state and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction of the claim herein pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331.  This civil action arises under the laws of the United States.  Plaintiff is alleging a violation of its rights under Title IX of the Organized Crime Control Act of 1970, as amended, 18 U.S.C. §§ 1961et seq.

2.     Venue herein is proper under 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b).

## PARTIES

3.     Plaintiff LIFE BLISS FOUNDATION, INC. ("LIFE BLISS") is a non-profit corporation duly organized under the laws of the State of California, and is a resident of the County of San Bernardino, State of California.  LIFE BLISS is part of a worldwide movement for meditation and healing that promotes the adoption of Hind/Vedic meditation techniques, and spiritual programs as per the teachings of Sri Nithyananda Swami aka "Paramahamsa Nithyananda" (hereinafter "NITHYANANDA").  LIFE BLISS conducts programs across the U.S. and is one of the most, if not the most, well known of all the organizations that spread NITHYANANDA's teachings.  It publishes many of NITHYANANDA's books and operates the You Tube site youtube.com/lifeblissfoundation

4.     Plaintiff NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER (the "TEMPLE") is a non-profit corporation duly organized under the laws of the State of California, and is a resident of the County of San Bernardino, State of California.   The Vedic/Hindu TEMPLE, is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

142884.1

the largest and most well-known NITHYANANDA temple in the world, offering daily worship services, discourses on sacred Hindu scriptures, meditation, yoga and many other religious and cultural programs.

5.    On information and belief, Defendant SUN TV NETWORK LIMITED ("SUN TV") is a company existing under and by virtue of the laws of the State of Tamil Nadu, India, with a primary place of business in Chennai, Tamil Nadu, India.  SUN TV produces video programming for world-wide broadcast, including carriage throughout California and the rest of the United States.

6.    On information and belief, Defendant KALANITHI MARAN, ("MARAN") the Chairman and Founder of SUN TV, is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

7.    On information and belief, Defendant HANSRAJ SAXENA, ("SAXENA") an executive of SUN TV, is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

8.    On information and belief, Defendant AYYAPPAN R. ("AYYAPPAN") is an employee of SUN TV, and is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

9.    On information and belief, Defendant V. RAJA, ("RAJA") the editor for SUN TV, is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

10.    On information and belief, Defendant S. KANNAN ("KANNAN") the Chief Technical Officer, is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

11.    On information and belief, Defendant R. M. R. RAMESH ("RAMESH") the editor for Dinakaran, one of SUN TV's daily print and online publications.

12.    On information and belief, Defendant NAKKHEERAN

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

142884.1

PUBLICATIONS ("NAKKHERRAN") is a company existing under and by virtue of the laws of the State of Tamil Nadu, India, with a primary place of business in Chennai, Tamil Nadu, India.

13. On information and belief, Defendant R. R. GOPAL ("GOPAL"), an executive of NAKKHEERAN, is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

14. On information and belief, Defendant A. KAMARAJ, joint editor of NAKKHEERAN, is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

15. On information and belief, Defendant NITHYA DHARMANANDA, a.k.a. LENIN KARUPPAN, ("LENIN") is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

16. On information and belief, Defendant M. SRIDHAR ("SRIDHAR") is a citizen of the Republic of India, and is a resident of the State of Tamil Nadu, India.

17. On information and belief, Defendant KUMAR KARUPPAN, ("KUMAR") is the brother of LENIN , a citizen of the Republic of India, and is resident of the State of Tamil Nadu, India.

18. On information and belief, Defendant PRASANNA KUMAR ("PRASANNA") is a citizen of the Republic of India, and is a resident of Kanchipuram in the State of Tamil Nadu, India.

19. Defendant AARTHI RAO ("RAO") is a citizen of the United States, and is a resident of the State of Michigan.

20. Plaintiffs do not know the true names or capacities, whether individual, associate, corporate or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, and Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to state the true names and capacities of these Defendants once Plaintiffs discover this

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

142884.1

information. Plaintiffs are informed and believe, and based thereon allege, that each Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiffs on the facts herein alleged for Plaintiffs' damages. DOES 1 through 25 are referred to collectively herein as "DOE DEFENDANTS."

## CLAIM FOR RELIEF

21.    Defendants comprise an enterprise engaged in and the activities of which affect interstate or foreign commerce, to wit: SUN TV, MARAN, SAXENA, AYYAPPAN, RAJA, KANNAN, RAMESH, NAKKHEERAN, GOPAL, KAMARAJ, LENIN, SRIDHAR, KUMAR, PRASANNA, RAO, and DOE DEFENDANTS, (collectively, the "Enterprise") a group of individuals associated in fact to intimidate, harass, influence, and extort funds from NITHYANANDA's followers and associated entities devoted to spreading his teachings including LIFE BLISS and the TEMPLE.

22.    Defendants, SUN TV, MARAN, SAXENA, AYYAPPAN, RAJA, KANNAN, RAMESH, NAKKHEERAN, GOPAL, KAMARAJ, LENIN, SRIDHAR, KUMAR, and PRASANNA, RAO, and DOE DEFENDANTS, as persons within the meaning of 18 U.S.C. § 1961(3) and as persons associated with said enterprise, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

23.    The predicate acts which constitute this pattern of racketeering activity are:

a.    On or about February 17, 2010, SRIDHAR spoke via telephone with Sri Nithya Prananda, assistant to NITHYANANDA, asserting that he had come into possession of a video and photographs of NITHYANANDA in indecent poses with a woman that appeared to be RANJITHA MENON. ("MENON"). MENON is a celebrated and critically acclaimed actress in India, having appeared in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

142884.1

ninety (90) feature films.  MENON attended discourses of NITHYANANDA in Tamilnadu and Karnataka.   MENON subsequently began volunteering at Nithyananda Dhyanapeetam situated in Bidadi, India, eventually becoming a disciple of NITHYANANDA.

b.      SRIDHAR claimed that this video had been surreptitiously recorded by RAO and LENIN by using a hidden device within a private location inside NITHYANANDA's ashram.  On information and belief, RAO had purchased the hidden surveillance video recording device in the United States for the purpose of making secret recordings of NITHYANANDA.  The video was subsequently altered or "morphed" by RAO, LENIN and/or their agents to falsely make it appear that MENON was the woman in the video and that she and NITHYANANDA had engaged in inappropriate acts.

c.      Because NITHYANANDA's position as a holy man of the Hindu religion and the common man's perception of this position, the release of such video and photographs would cause significant disgrace and great harm to the reputation of NITHYANANDA, his followers and any organization that devoted to showcasing him as a Hindu spiritual leader and to spreading his teachings.  SRIDHAR asserted that he would act as a broker to make certain that the photographs and video were not released to the public, but only if his demands were met.

d.      Following up on his claims, SRIDHAR again spoke with Pranananda via telephone on or about February 20, 2010, and proceeded to meet in person with Pranananda and show certain photographs to him on February 21, 2010, which appeared to depict NITHYANANDA in intimate poses with one or more women.  SRIDHAR then asserted that the photos and video were created by and being used by a group (the Enterprise) that would disclose the photos and videos to the public via television, print, and online media distribution channels if their demands were not met, including demands for payment of money.  At this meeting, SRIDHAR disclosed that the Enterprise included both LENIN and RAO, and that LENIN and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

142884.1

RAO were involved and responsible for obtaining the photos and video. As an initial demand, SRIDHAR sought 500,000 rupees in order to prevent the release of the photos and video, but took 200,000 rupees before leaving that day and insisting that Pranananda and other important members of NITHYANANDA's followers attend a meeting in Chennai in order to discuss the Enterprise's further demands.

e.      SRIDHAR obtained the 200,000 Rupees from Pranananda on February 21, 2010 as a result of the wrongful use of fear, to wit the threat to release the falsified photos and video of NITHYANANDA that would impute disgrace to NITHYANANDA, his followers and any organization that devoted to showcasing him as a Hindu spiritual leader and to spreading his teachings.

f.      On or about February 22, 2010, Sri Nithya Pranananda, Gopal Reeddy Sheelum (a.k.a. Sri Nithya Bhaktananda), and Sri Nithya Sadhananda traveled to the Star City hotel in Chennai in order to meet with SRIDHAR and other members of the Enterprise. Sri Nithya Bhaktananda was a director and officer of the LIFE BLISS FOUNDATION, which was known to the Enterprise through at least RAO and LENIN. Sri Nithya Sadhananda was a director and officer of the TEMPLE, which was known to the Enterprise through at least RAO and LENIN. RAO was a volunteer teacher for LIFE BLISS FOUNDATION and volunteer at the TEMPLE. LENIN used to help with the sale of books to the Life Bliss Foundation.

g.      On or about February 23, 2010, SRIDHAR met with Pranananda, Bhaktananda, and Sadhananda at the hotel in Chennai and made an initial demand for one billion (1,000,000,000) rupees. After an initial rebuffing, SRIDHAR lowered the demand to at least six hundred million (600,000,000) rupees, some property, and additional terms to be determined later. Pranananda, Bhaktananda, and Sadhananda then requested to speak directly with RAO and LENIN regarding the demands and to see the original storage devices containing the photos and video. SRIDHAR informed them that a payment would be required before such discussions would take place. Pranananda, Bhaktananda, and Sadhananda again rebuffed the offer and were

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

142884.1

1    threatened with the release of the photos and video, but told that they may have time

2    to reconsider.

3            h.     On or about February 24, 2010, SRIDHAR again met personally

4    with Pranananda, Bhaktananda, and Sadhananda at the Star City hotel.  SRIDHAR

5    demanded an immediate payment of six million (6,000,000) rupees as an advance

6    against the total to be paid to prevent release of the photos and video of

7    NITHYANANDA.

8            i.     In response to a request from Pranananda, Bhaktananda, and

9    Sadhananda, SRIDHAR telephoned RAO in the United States and LENIN and placed

10   them on loudspeaker to speak with Pranananda, Bhaktananda, and Sadhananda.

11   During this conversation, RAO asserted that in addition to releasing the videos and

12   photos to the media and the internet, if they did not meet the demands for payment

13   that she would file a false criminal complaint for rape against NITHYANANDA,

14   which would further degrade his reputation to the point of destruction.  RAO further

15   asserted that her criminal report would additionally allege false crimes against

16   Pranananda, Bhaktananda, and Sadhananda.

17           j.     SRIDHAR then called KAMARAJ and GOPAL of

18   NAKKHEERAN and had them speak to Pranananda, Bhaktananda, and Sadhananda.

19   The NAKKHEERAN representatives threatened to publish the indecent photos of

20   NITHYANANDA in the NAKKHEERAN magazine and on the NAKKHEERAN

21   website if the Enterprise's demands were not met.

22           k.     On or about February 25, 2010, SRIDHAR again came to the Star

23   City hotel to meet with Pranananda, Bhaktananda, and Sadhananda, bringing with him

24   KUMAR, LENIN, and four other unknown individuals.  These individuals all

25   proceeded to attack and beat Pranananda, Bhaktananda, and Sadhananda, while

26   LENIN asserted that he would destroy NITHYANANDA's image and reputation by

27   releasing the video and photos and by filing false criminal allegations against

28   NITHYANANDA and each of them.  LENIN further asserted that he was supported

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

142884.1

by important politicians and that the only way to prevent further harm would be to meet the Enterprise's demands.  Prior to leaving, and after their assault, LENIN and the other individuals stole five hundred thousand (500,000) rupees that were with Pranananda, Bhaktananda, and Sadhananda in the room at the hotel.

l.    On or about February 28, 2010, Pranananda, Bhaktananda, and Sadhananda met with SRIDHAR to hand over a further two million five hundred thousand (2,500,000)  rupees that had been collected from the organizations and followers dedicated to NITHYANANDA.

m.    On or about March 2, 2010, the Enterprise caused an obscene and highly defamatory film of NITHYANANDA to be telecast on SUN TV's round the clock broadcast along with a commentary that asserted the film showed obscene and illicit activity.  This malicious broadcast, subsequent incessant coverage, and the efforts of the Enterprise incited groups and hired mobs to riot and attack the ashrams of NITHYANANDA's followers in Tamil Nadu and Karnataka and cause physical harm to many followers.  Multiple followers were burned in resultant fires and beaten by hired mobs.  Many properties were damaged and all programs and social services to the community ceased.

n.    Also on or about March 2, 2010, a SUN TV employee contacted MENON via telephone to demand that she pay the network money to stop future broadcasts of the video which falsely appeared to show her participating in obscene and illicit activity with NITHYANANDA.  The employee further demanded that MENON provide false testimony against NITHYANANDA and his organization in order to benefit SUN TV and that if MENON failed to accede to the demands that SUN TV would use political connections to cause MENON to be arrested and jailed for drug offenses and other serious crimes.  The SUN TV employee further threatened that if MENON were to disclose the extortion demand, she and/or her family would be harmed or killed.  The SUN TV employee confirmed to MENON that MARAN authorized and ordered the release of the morphed video.  The SUN TV employee

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

142884.1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1   confirmed that other SUN TV decision makers, including KANNAN and RAMESH,

2   were also threatening to use the reach of SUN TV and its resources (including

3   television networks under MARAN's control and printed publications such as

4   Dinakaran Daily News magazine under RAMESH's control) to reach people

5   worldwide and ruin MENON and NITHYANANDA.  He urged her to cooperate with

6   SUN TV's demands, telling her that she didn't "stand a chance" and soon the whole

7   world would see the video and she would have nowhere to hide.  Fearing for the

8   safety of her family and herself, MENON fled India the following day.

9          o.      Also on or about March 2, 2010, and in response to the attacks and

10  the grave damage to the reputation of NITHYANANDA and the organizations, Sri

11  Nithya Atmaprabhananda called SRIDHAR.  SRIDHAR insisted that

12  Atmaprabhananda travel to Chennai and attempt to resolve the problems created by

13  the release of the altered video.

14         p.      On March 3, 2010, Atmaprabhananda traveled to Chennai and met

15  with SRIDHAR.  At this meeting, SRIDHAR asserted that he was working together

16  with KUMAR, RAO, LENIN, KAMARAJ and GOPAL on behalf of

17  NAKKHEERAN, and SAXENA and AYYAPPAN of behalf of SUN TV in order to

18  extract large amounts of money from NITHYANANDA's followers and

19  organizations, and that they would destroy them and their reputations if necessary.

20  SRIDHAR then asserted that AYYAPPAN had the authority to resolve the situation

21  on behalf of the Enterprise and telephoned him for confirmation.  AYYAPPAN then

22  instructed SRIDHAR to bring Atmaprabhananda to his office at Yogesh Pictures.

23         q.      At his office, AYYAPPAN told Atmaprabhananda that he would

24  stop the broadcast of the video, the release of photographs by NAKKHEERAN and

25  Dinakaran, and the filing of false criminal reports against NITHYANANDA.  In order

26  to do so, AYYAPPAN demanded payment in the amount of six hundred million

27  (600,000,000) rupees from NITHYANANDA and the organizations and followers

28  dedicated to his teachings.  When Atmaprabhananda responded that the organizations

and followers dedicated to NITHYANANDA did not have enough to pay the demand,
AYYAPPAN threatened him with more dangerous consequences. Atmaprabhananda
was then allowed to telephone Pranananda from AYYAPPAN's office and asked
Pranananda to collect money to pay the demand.

        r.     In order to enforce his demand, AYYAPPAN forced
Atmaprabhananda to stay in his office that night. Atmaprabhananda was released the
following day, March 4, 2010, in order to assist with the collection of money from
organizations and devotees, but AYYAPPAN threatened to kill him if he did not
return with the demanded money.

        s.     On March 5, 2010, while Atmaprabhananda was travelling by car
with a devotee and their vehicle was stopped and blocked by an SUV carrying
AYYAPPAN. AYYAPPAN and unknown men from his car forcibly removed
Atmaprabhananda from the car he was travelling in, hitting his head against the door
and causing him to lose consciousness. After Atmaprabhananda regained
consciousness, he spoke to SAXENA on AYYAPPAN's cell phone. SAXENA
threatened to kill Atmaprabhananda if he did not pay the demanded money.
AYYAPPAN then threatened to make false allegations of drug smuggling against
Atmaprabhananda to a nearby police officer if Atmaprabhananda did not pay money
immediately. In response, Atmaprabhananda had his companion retrieve one million
(1,000,000) rupees that Atmaprabhananda had with him and give it to AYYAPPAN
out of fear of imprisonment over the false charges and further physical harm.
AYYAPPAN accepted this amount to release Atmaprabhananda, but demanded the
payment of another three million (3,000,000) rupees within one week.

        t.     RAO and LENIN subsequently filed false criminal charges against
NITHYANANDA and many of his closest devotees, including Atmaprabhananda,
Pranananda, Bhaktananda, and Sadhananda, alleging crimes including assault, and
multiple instances of sexual misconduct across India and the U.S.

        u.     On information and belief, on or about March 6, 2011,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

142884.1

PRASANNA telephoned a devotee of NITHYANANDA named Hamsananda in order
to make a renewed demand of NITHYANANDA's devotees, asking for three hundred
and fifty million (350,000,000) rupees in order to have the criminal cases and charges
against NITHYANANDA and his followers dismissed.  PRASANA asserted that
LENIN and the others in the Enterprise had connections to police and politicians that
would be used to reach this result.  PRASANNA was arrested in connection with
these criminal acts in India on December 15, 2011.  LENIN was also arrested in this
connection with these crimes on March 14, 2012.

      24.    In televised interviews in late 2012, SAXENA confirmed that SUN
TV received the video, had an expert refuse to confirm that the video was
genuine, and SUN TV used the video "to exhort money from Nithyananda's
men."  SAXENA further identified RAJA, the news editor at SUN TV, as
having obtained a copy of the video and asserting that the persons depicted
were MENON and NITHYANANDA.  SAXENA further confirmed that
MARAN, KANNAN and RAJA had "joined hands" to act in concert to release
the altered video and "to extort money from NITHYANANDA's" followers.
SAXENA further admitted that RAJA told him that "We will tear them apart"
by putting the video on the TV.  SAXENA also confirmed that SUN TV had a
practice of manipulating videos and threatening people to fabricate news
stories.

      25.    These numerous acts of racketeering activity, occurring within less
than ten (10) years of one another, constitute a pattern of racketeering activity
within the meaning of 18 U.S.C. § 1961(5).

      26.    Plaintiff LIFE BLISS FOUNDATION was injured in its business
or property by reason of this violation of 18 U.S.C. § 1962, in that, as a direct
and proximate result of Defendant's complained of acts, LIFE BLISS
FOUNDATION suffered damages, including a loss of reputation and good will
towards NITHYANANDA and his teachings, upon which LIFE BLISS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

142884.1

FOUNDATION depends.  As a direct result of the extortion scheme and related racketeering acts carried out by the Defendants, LIFE BLISS FOUNDATION has seen a dramatic reduction in income from charitable donations, program sales, program revenue and spiritual book sales due to the damage to the reputation of NITHYANANDA and his teachings as well as the reputation of its former director and officer Bhaktananda.  Moreover, as a result of the extortion scheme, NITHYANANDA's travels from India were severely restricted, preventing LIFE BLISS FOUNDATION from organizing tours within the United States, which were a significant source of income for the LIFE BLISS FOUNDATION prior to 2010.   Such damages are uncertain, but in no event less than $50,000,000.

27.    By reason of the Defendants' violation of 18 U.S.C. § 1962, Plaintiff LIFE BLISS FOUNDATION is entitled, pursuant to 18 U.S.C. § 1964(c), to threefold the damages sustained or $150,000,000, plus interest thereof at 10 percent ( %) per annum, and a reasonable attorney's fee in connection herewith.

28.    Plaintiff NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER was injured in its business or property by reason of this violation of 18 U.S.C. § 1962, in that, as a direct and proximate result of Defendant's complained of acts, the TEMPLE suffered damages, including a loss of reputation and good will towards NITHYANANDA and his teachings, upon which the TEMPLE depends.  As a direct result of the extortion scheme and related racketeering acts carried out by the Defendants, the TEMPLE has seen a dramatic reduction in income from charitable donations, religious service offering revenue and sacred art sales due to the damage to the reputation of NITHYANANDA and his teachings as well as the reputation of its director and officer Sadhananda.  Such damages are uncertain, but in no event less than $30,000,000.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

142884.1

29.    By reason of the Defendants' violation of 18 U.S.C. § 1962, Plaintiff NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER is entitled, pursuant to 18 U.S.C. § 1964(c), to threefold the damages sustained or $90,000,000, plus interest thereof at 10 percent ( %) per annum, and a reasonable attorney's fee in connection herewith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs LIFE BLISS FOUNDATION and NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER pray for judgment against Defendants, SUN TV, MARAN, SAXENA, AYYAPPAN, RAJA, KANNAN, RAMESH, NAKKHEERAN, GOPAL, KAMARAJ, LENIN, SRIDHAR, KUMAR, and PRASANNA, RAO, DOE DEFENDANTS, and each of them, as follows:

1.    For threefold the damages actually sustained and the costs of suit, in a sum not less than $150,000,000 to LIFE BLISS FOUNDATION and $90,000,000 to NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER, including a reasonable attorney's fee, pursuant to 18 U.S.C. § 1964(c) with interest thereon at the rate of 10 percent ( %) per annum;

2.    For such other and further relief as the Court may deem appropriate pursuant to 18 U.S.C. § 1964 and

3.    For such other and further relief as the Court may deem proper and just in the premises.

///

///

///

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS  SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

142884.1

4.    For trial by jury on all issues so triable.

DATED:  March 1, 2013                    Respectfully submitted,

                                         MILLER BARONDESS, LLP

                                         By: _____
                                             Erik Syverson

                                         Attorneys for Plaintiffs
                                         Life Bliss Foundation and
                                         Nithyananda Dhyanapeetam
                                         Temple & Cultural Center

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

15
COMPLAINT

142884.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 393 JGB (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[✓] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Erik S. Syverson (221933)
esyverson@millerbarondess.com
Steven T. Gebelin (261507)
sgebelin@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
(T) (310) 552-4400
(F) (310) 552-8400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LIFE BLISS FOUNDATION, a California Non-Profit Corporation, and
NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL
CENTER. a California Non-Profit Corporation,

                                                   PLAINTIFFS,

v.

SUN TV NETWORK LIMITED, an Indian company; NAKKHEERAN
PUBLICATIONS, an Indian company; KALANITHI MARAN, an individual,
HANSRAJ SAXENA, an individual, AYYAPPAN R.,, an individual,
V. RAJA, an individual, S. KANNAN, an individual, R. M. R. RAMESH,
an individual, R. R. GOPAL, an individual, A. KAMARAJ, an individual,
LENIN KARUPPAN an individual, M. SRIDHAR, an individual, KUMAR
KARUPPAN, an individual, PRASANNA KUMAR, an individual, AARTHI
RAO, an individual, and DOES 1 through 10, inclusive,

                                                   DEFENDANTS.

CASE NUMBER

ED CV13-00393-JGB(SPx)

**SUMMONS**

TO DEFENDANTS:

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Erik S. Syverson_____, whose address is _Miller Barondess, LLP 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067___.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: March __1__, 2013 _____

By: _____
                Deputy Clerk

                *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Erik S. Syverson (221933)
esyverson@millerbarondess.com
Steven T. Gebelin (261507)
sgebelin@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
(T) (310) 552-4400
(F) (310) 552-8400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LIFE BLISS FOUNDATION, a California Non-Profit Corporation, and
NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL
CENTER. a California Non-Profit Corporation,

                                                      PLAINTIFFS,

        v.

SUN TV NETWORK LIMITED, an Indian company; NAKKHEERAN
PUBLICATIONS, an Indian company; KALANITHI MARAN, an individual,
HANSRAJ SAXENA, an individual, AYYAPPAN R.,, an individual,
V. RAJA, an individual, S. KANNAN, an individual, R. M. R. RAMESH,
an individual, R. R. GOPAL, an individual, A. KAMARAJ, an individual,
LENIN KARUPPAN an individual, M. SRIDHAR, an individual, KUMAR
KARUPPAN, an individual, PRASANNA KUMAR, an individual, AARTHI
RAO, an individual, and DOES 1 through 10, inclusive,

                                                      DEFENDANTS.

CASE NUMBER

ED CV13-00393-JGB (SPx)

SUMMONS

TO DEFENDANTS:

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Erik S. Syverson_____, whose address is
_Miller Barondess, LLP 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067___. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                                      Clerk, U.S. District Court

Dated: March 1, 2013                                  By: _____
                                                          ANDRES PEDRO
                                                          Deputy Clerk

                                                      (Seal of the Court)202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LIFE BLISS FOUNDATION, a California Non-Profit Corporation; NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER, a California Non-Profit Corporation | SEE ATTACHED FOR COMPLETE LIST OF DEFENDANTS |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Erik S. Syverson (221933)<br>Steven T. Gebelin (261507)<br>MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>(310) 552-4400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 240,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

VIOLATION OF CIVIL RACKETEERING INFLUENCED CORRUPT ORGANIZATIONS ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☒ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

### TORTS
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: ED CV13-00393    CONFORM

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

DEFENDANTS
(ATTACHMENT 1)

SUN TV NETWORK LIMITED, an Indian company; NAKKHEERAN PUBLICATIONS, an Indian company; KALANITHI MARAN, an individual, HANSRAJ SAXENA, an individual, AYYAPPAN R.,, an individual, V. RAJA, an individual, S. KANNAN, an individual, R. M. R. RAMESH, an individual, R. R. GOPAL, an individual, A. KAMARAJ, an individual, LENIN KARUPPAN an individual, M. SRIDHAR, an individual, KUMAR KARUPPAN, an individual, PRASANNA KUMAR, an individual, AARTHI RAO, an individual, and DOES 1 through 10,

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  ERIK .S SYVERSON    Date March   , 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |