ERIK S. SYVERSON (State Bar No. 221933)
esyverson@millerbarondess.com
SCOTT M. LESOWITZ (State Bar No. 261759)
slesowitz@millerbarondess.com
STEVEN T. GEBELIN (State Bar No. 261507)
sgebelin@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE BLISS FOUNDATION, a California Non-Profit Corporation; and NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER, a California Non-Profit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SUN TV NETWORK LIMITED, an Indian company; NAKKHEERAN PUBLICATIONS, an Indian company; KALANITHI MARAN, an individual; DHARMARAJA HANSRAJ SAXENA, an individual; RAMADOS AYYAPPAN, an individual; V. RAJA, an individual; S. KANNAN, an individual; R. M. R. RAMESH, an individual; RAMANATHAN GOPAL, an individual; ANNAMALAI KAMARAJ, an individual; NITHYA DHARMANANDA, a.k.a. LENIN KARUPPANNAN, an individual; MOORTHI SHREEDHAR, an individual; KARUPPANNAN KUMAR, an individual; GIRIDHAR LAL PRASAN KUMAR, an individual; AARTHI RAO, an individual; MANICKAM NARAYANAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. **5:13-cv-00393-VAP (SPx)**<br><br>[Assigned to the Honorable Virginia A. Phillips, District Judge, and the Honorable Sheri Pym, Magistrate Judge]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY**<br><br>Action Filed:  March 1, 2013 |

The Court has reviewed Plaintiffs Life Bliss Foundation and Nithyananda Dhyanapeetam Temple & Cultural Center's Motion to Compel Jurisdictional Discovery ("Motion"). Having considered the moving papers and other documents filed therewith, the opposition thereto, and the reply thereto, argument of counsel, and the files and pleadings in this matter, and good cause appearing,

**IT IS HEREBY ORDERED** that:

(1) The Motion is granted;

(1) Defendants S. Kannan, Kalanithi Maran, and R.M.R. Ramesh (the "Defendants") be made available for videotaped depositions to Plaintiffs by May 1, 2013 (or another date agreed upon by the Defendants and Plaintiffs);

(2) Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Sun TV Network Limited ("Sun TV") employee most knowledgeable regarding Sun TV's YouTube channels be made available to Plaintiffs for videotaped deposition by May 1, 2013 (or another date agreed upon by the Defendants and Plaintiffs) for topics regarding these YouTube channels including: (a) California and American viewership; (b) the amount of money generated from these channels; (c) any contractual agreements associated with these channels, including with Google; (d) how content is created and uploaded into these channels; (e) the identity, number, and role of people working in America in connection with these channels; (f) what Sun TV's role is in maintaining these YouTube channels; and (g) whether the Swami "Video" (described in the Memorandum of Points and Authorities) was aired on any of these channels, and if so, when;

(3) Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Sun TV Network Limited employee most knowledgeable regarding the broadcasting of Sun TV channels in the United States be made available to Plaintiffs by May 1, 2013 (or another date agreed upon by the Defendants and Plaintiffs), for videotaped deposition, regarding topics including: (a) how Sun TV Network Limited broadcasts their channels into the United States; the broadcasting of Sun TV stations via Dish

Network; (b) how many people in the United States view any such channels; (c) how many people in the United States subscribe to these channels; (d) the identity and job functions of people in the United States working to broadcast these channels; (e) the nature and terms of the contractual or parent/subsidiary relationships between Sun TV and any entity airing content in the United States; (f) how much Sun TV is paid in order to broadcast their channels in the United States; (g) what efforts Sun TV has taken in the past five years to broadcast in the United States; and (h) whether Sun TV stations in the United States broadcasted the Swami Video, and if so, when;

(4) The Defendants produce to Plaintiffs copies of all contracts involving the broadcasting of Sun TV channels or Sun TV programming into the United States, including with Dish Network, within thirty (30) days of this order;

(5) The Defendants produce to the Plaintiffs copies of all documents regarding Sun TV, S. Kannan, Kalanithi Maran, or R.M.R. Ramesh having contacts or associations with any co-defendant other than each other, within thirty (30) days of this order;

(6) The Defendants produce to the Plaintiffs copies of all documents that indicate that Sun TV owns, operates, or has control over, Dinakaran or Kal Publications, within thirty (30) days of this order;

(7) The Defendants produce to the Plaintiffs all documents that indicate that managers or board members of Sun TV are also managers or board members of Kal Publications, within thirty (30) days of this order;

(8) The Defendants produce to the Plaintiffs copies of all records pertaining to any business contacts or any business activity that Sun TV has or has had with California and the United States, within thirty (30) days of this order;

(9) The Defendants respond to interrogatories relating to questions regarding jurisdiction and forum non-conveniens; and

(10) The February 10, 2014, hearing regarding Defendants' motions to dismiss currently on file is hereby vacated and is rescheduled to June 16, 2014.  The briefing

schedule regarding these motions will be pursuant to the regularly applicable rules to a June 16, 2014, hearing date.

DATED: _____, 2013

_____
THE HONORABLE VIRGINIA A. PHILLIPS
United States District Judge