**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00393-VAP (SPx)                            Date:  December 13, 2013

Title:   LIFE BLISS FOUNDATION, ET AL. -v- SUN TV NETWORK LIMITED, ET AL.
========================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

  Marva Dillard                                          None Present
  Courtroom Deputy                                       Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                DEFENDANTS:

  None                                                  None

PROCEEDINGS:     MINUTE ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY (DOC. NO. 53) (IN CHAMBERS)

   Before the Court is a Motion to Compel Jurisdictional Discovery (Doc. No. 53) ("Motion"), filed by Plaintiffs Life Bliss Foundation ("Life Bliss") and Nithyananda Dhyanapeetam Temple and Cultural Center ("Temple") (collectively, "Plaintiffs") on November 13, 2013.  Defendants Sun TV Network Limited ("Sun TV"), Kalanithi Maran ("Maran"), S. Kannan ("Kannan"), and R.M.R. Ramesh ("Ramesh") (collectively, "Defendants") filed an opposition to the Motion, with supporting documents (Doc. Nos. 54-57) ("Opposition") on November 18, 2013.  After consideration of the papers in support of, and in opposition to, the Motion, as well as the arguments advanced by the parties at the December 9, 2013 hearing, the Court GRANTS IN PART and DENIES IN PART the Motion.

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

## I. BACKGROUND

On March 1, 2013, Plaintiffs filed a Complaint (Doc. No. 1) against Defendants and eleven additional defendants, alleging that the fifteen defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), resulting in a decline of donations, sales, and revenue for Plaintiffs. (Compl. ¶¶ 25-28.) On April 5, 2013, Plaintiffs filed a First Amended Complaint (Doc. No. 4) and a corrected First Amended Complaint (Doc. No. 8) ("FAC") with the Court's leave, on June 27, 2013, alleging the same RICO claim as they did in the Complaint, but adding another defendant and more factual details. (See generally FAC.)

As alleged in the FAC, Life Bliss and Temple are California non-profit corporations located in San Bernardino County. (FAC ¶¶ 3, 4.) Life Bliss and Temple promote Hindu religious teachings and practices as taught by Sri Nithyananda Swami, also known as Paramahamsa Nithyananda ("Nithyananda"). (Id.) Defendant Sun TV is a media company incorporated in the State of Tamil Nadu, India, with its principal place of business in Chennai, Tamil Nadu, India. (Id. ¶ 5; Opp'n Ex. 1 at 3.) Maran is the founder and chairman of Sun TV and a resident of the State of Tamil Nadu, India. (FAC ¶ 6; Opp'n Ex. 1 at 2.) Kannan is Sun TV's chief technical officer and a resident of the State of Tamil Nadu, India. (FAC ¶ 10; Opp'n Ex. 1 at 1.) Ramesh is editor of Dinakaran, a daily print and online publication based in India. (FAC ¶ 11; Opp'n Ex. 1 at 2.)

The FAC alleges Defendants conspired to extort money from Plaintiffs and others who support Nithyananda by threatening to broadcast and publish stories about a videorecording of Nithyananda having an inappropriate sexual encounter with a famous Indian actress ("Video"). (See FAC ¶¶ 22-25.) The FAC also alleges Defendants broadcast the Video in India and the United States and published stories about the Video on the internet with the intent to reach U.S. audiences and cause a decline of donations, sales, and revenue for Plaintiffs. (Id. ¶¶ 24-30.)

On September 25, 2013, Defendants individually filed four separate Motions to Dismiss (Doc. Nos. 23, 24, 26, 28), arguing this Court lacks personal jurisdiction over Defendants, a joint Motion to Dismiss for failure to state a claim (Doc. No. 30), and a joint Motion to Dismiss based on the forum non conveniens doctrine and

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

improper venue (Doc. No. 31) ("FNC Motion").  On November 1, 2013, Plaintiffs and Defendants filed a Joint Stipulation to continue the hearing date for the six Motions to Dismiss, which had been set for December 9, 2013, to February 10, 2014, to permit Plaintiffs time to file the instant Motion (Doc. No. 48).  After the Court granted the parties' request on November 5, 2013, Plaintiffs filed the Motion with a Memorandum of Points and Authorities ("Mem. P. & A.") and supporting declarations and exhibits, on November 13, 2013 (Doc. No. 53).  On November 18, 2013, Defendants filed the Opposition (Doc. No. 54), Declaration of Purvi G. Patel (Doc. No. 55), a Request for Judicial Notice (Doc. No. 56) ("RJN"), and Objections to Declarations submitted in support of the Motion (Doc. No. 57) ("Objections").  On November 25, 2013, Plaintiffs filed a Reply to the Opposition (Doc. No. 59) ("Reply") and an Opposition to Defendants' Objections to Declarations (Doc. No. 60).

## II.  REQUEST FOR JUDICIAL NOTICE

Defendants request judicial notice of three documents: (1) excerpts from Sun TV's publicly available 2012-2013 Annual Report obtained from the National Stock Exchange of India's website, including information regarding Sun TV's general background, corporation, and subsidiary companies – marked as Exhibit B (see RJN Ex. B); (2) printout of information obtained from the State of Colorado Secretary of State's website, providing a summary of the business registration information for Global Media Management LLC – marked as Exhibit C (see id. Ex. C); and (3) printout of information obtained from the State of Texas Secretary of State's website, providing a summary of management information regarding World Media Connect LLC and its registered agent – marked as Exhibit D (see id. Ex. D).  Defendants argue that judicial notice of Exhibit B is proper because "the authenticity and accuracy of publicly available corporate disclosure documents can be accurately and readily determined from sources whose accuracy cannot be questioned."  (RJN at 2-3 (citing Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of publicly available financial documents); In re Am. Apparel, Inc. Shareholder Derivative Litig., No. CV 10-06576 MMM (RCx), 2012 WL 9506072, at *18 (C.D. Cal. July 31, 2012) (taking judicial notice of publicly available annual reports and financial documents).)  Defendants also argue that judicial notice of Exhibits C and D is proper because "records of state agencies are undisputed matters of public record and the authenticity of such documents cannot reasonably be questioned."  (RJN at 2-3

(citing Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 (9th Cir. 2004) (taking notice of certain documents because they were records of a state entity); Paralyzed Veterans of Am. v. McPherson, No. C 06-4670 SBA, 2006 WL 3462780, at *4 (N.D. Cal. Nov. 27, 2006) (taking notice of California Secretary of State's web page, noting that "courts routinely take judicial notice of . . . information on government websites")).)

As Defendants assert, courts can consider corporate disclosure documents that are publicly available. See Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of defendant company's reported stock price history and other publicly available financial documents); see also In re Seracare Life Sciences, Inc., No. 05-CV-2335-H (CAB), 2007 WL 935583, at *4 (S.D. Cal. Mar. 19, 2007) (taking judicial notice of an "Accounting Research Bulletin," as it "is not subject to reasonable dispute in that it is capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned"). In addition, as Defendants assert, courts may take judicial notice of information on state government websites. See Disabled Rights Action Comm., 375 F.3d at 866; Paralyzed Veterans of Am., 2006 WL 3462780, at *4. Accordingly, the Court take judicial notice of Exhibits B, C, and D, as the accuracy and authenticity of these documents cannot reasonably be questioned.

### III.  LEGAL STANDARD
**A.  Jurisdictional Discovery**

District courts have "a significant amount of leeway" in deciding whether to grant plaintiffs leave to conduct jurisdictional discovery while a motion to dismiss is pending. Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672 (S.D. Cal. 2001). Cf. Blackburn v. United States, 100 F.3d 1426, 1436 (9th Cir. 1996) ("The district court has wide discretion in controlling discovery"). Although there is no definitive Ninth Circuit authority specifically addressing the level of showing that a plaintiff must make to be entitled to jurisdictional discovery, the Ninth Circuit generally has taken a liberal approach with respect to the granting of jurisdictional discovery, noting that it "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quoting Data Disc, Inc. v. Systems Tech. Assocs.,

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977); Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977)).  "[D]istrict courts in this circuit have required a plaintiff to establish a 'colorable basis' for personal jurisdiction before discovery is ordered.  This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant."  Johnson v. Mitchell, No. CIV S-10-1968 GEB GGH PS, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) (citing Martinez v. Manheim Central Cal., No. 1:10-cv-01511-SKO, 2011 WL 1466684, at *4 (E.D. Cal. Apr. 18, 2011); Mitan v. Feeney, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007); eMag Solutions, LLC v. Toda Kogyo Corp., No. C 02-1611 PJH, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006); Chapman v. Krutonog, 256 F.R.D. 645, 649 (D. Haw. 2009)).  Courts may grant jurisdictional discovery if the request is based on more than a "hunch that it might yield jurisdictionally relevant facts," or more than "bare allegations in the face of specific denials."  See Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008); Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995) (citation omitted).

Jurisdictional discovery, however, need not be allowed, if the request amounts merely to a "fishing expedition."  Johnson, 2012 WL 1657643, at *7 (citation omitted); see also Mackovich v. U.S. Gov't, No. 06-cv-00422-SMS (PC), 2008 WL 2053978, at *1 (E.D. Cal. May 13, 2008) (denying discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected" (citing Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003)).  A district court may deny even limited jurisdictional discovery "'[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants.'"  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting Terracom, 49 F.3d at 562)).

**B.    Discovery Regarding Forum Non Conveniens**

District courts are accorded substantial flexibility in evaluating a forum non conveniens motion, and "[e]ach case turns on its facts."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981); Williams v. Green Bay & Western R.R. Co., 326 U.S. 549, 557 (1946).  Discovery regarding a forum non conveniens motion is appropriate when district courts require additional information to rule on the motion.  Cheng v.

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

Boeing Co., 708 F.2d 1406, 1412 (9th Cir. 1983). Courts, however, may deny parties the opportunity to conduct discovery if "'enough information to enable the District Court to balance the parties' interests'" has been provided – even if discovery might provide more detail. Id. (quoting Piper, 454 U.S. at 258).

## IV. DISCUSSION
### A. Plaintiffs' Arguments

In the Motion, Plaintiffs request that Defendants be compelled to provide the following jurisdictional discovery:

(1) that Kannan, Maran, and Ramesh be made available for videotaped depositions;

(2) that the Sun TV employee most knowledgeable regarding Sun TV's YouTube channels be made available for videotaped deposition for topics regarding, inter alia, California and American viewership, Sun TV's role in maintaining the YouTube channels, and whether the Video was aired on any of these channels, and if so, when;

(3) that the Sun TV employee most knowledgeable regarding Sun TV's broadcasts in the United States be made available for videotaped deposition for topics regarding, inter alia, the methods of Sun TV's broadcasts in the United States, the broadcast of Sun TV programming via Dish Network, the number of viewers and subscribers of Sun TV's channels in the United States, and whether Sun TV channels in the United States broadcast the Video, and if so, when;

(4) that all contracts involving the broadcasting of Sun TV channels or Sun TV programming into the United States, including with Dish Network, be produced;

(5) that all documents regarding Sun TV, Kannan, Maran, and Ramesh having contacts or associations with other defendants in this case be produced;

(6) that any documents that indicate that Sun TV owns, operates, or has control over Dinakaran or Kal Publications be produced;

(7) that any documents indicating that managers or board members of Sun TV are also managers or board members of Kal Publications be produced;

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

> (8) that records pertaining to any business contacts or business activity that Sun TV has or has had with California and the United States be produced; and
>
> (9) that Defendants respond to interrogatories relating to questions regarding jurisdiction and forum non conveniens.

(Mot. at 2-3.)

Plaintiffs assert jurisdictional discovery regarding Sun TV is proper because, while it is undisputed that Sun TV has contracts with companies in the United States for broadcast and retransmission of Sun TV's content generated in India, Defendants do not indicate "which companies Sun TV has broadcasting relationships with in the United States." (Mem. P. & A. at 10.) Plaintiffs also assert Kannan's declaration, filed in support of Sun TV's Motion to Dismiss the case for lack of personal jurisdiction (Doc. No. 25) ("Kannan MTD Decl."), is incomplete and misleading as to the degree of Sun TV's connections and presence in the United States. (Id. at 10-12.)

Plaintiffs also assert it is appropriate to conduct jurisdictional discovery regarding the ownership of Dinakaran, the newspaper for whom Ramesh is the editor. (Id. at 13.) Plaintiffs submit news articles indicating that Sun Network purchased Dinakaran in 2005 and still owns the newspaper. (See id.; Declaration of Scott M. Lesowitz ("Lesowitz Decl.") ¶ 8, Ex. G.) Plaintiffs, however, acknowledge that Ramesh asserts Kal Publications owns Dinakaran, and not Sun TV. (See Mem. P. & A. at 13; Declaration of R.M.R. Ramesh (Doc. No. 29) ("Ramesh MTD Decl.") ¶ 2.) Plaintiffs thus seeks to ascertain the nature of the relationship between Dinakaran and Sun TV/Sun Network so as to establish that the Court has personal jurisdiction over Ramesh. (Mem. P. & A. at 13.)

In addition, Plaintiffs assert they are entitled to jurisdictional discovery regarding the relationship between Defendants and the other defendants so that they can establish whether Sun TV, Maran, Kannan, and Ramesh were in contact with the other defendants during the time period in which extortion of Plaintiffs took place. (Id. at 13-15.)

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

     Finally, Plaintiffs argue that discovery of Defendants also "would be relevant for the forum non-conveniens analysis," as ascertaining whether Sun TV caused the broadcasting of the Video in the United States would assist in determining whether California is an appropriate forum.  (Id. at 13; Reply at 5-6.)  Plaintiffs further argue that while "there is a presumption that Plaintiffs' choice of forum is convenient," "whether Defendants caused the Video, and photographs derived from the Video, to be aired/published in the United States in furtherance of the extortion plot" is an "important, unanswered question[] for [the] forum non-conveniens" issue that discovery will assist in answering.  (Reply at 5.)  Plaintiffs assert: "If the Video was aired in the United States, and caused damage to the Plaintiffs in the United States, then this will (1) be further evidence tying this case to California/the United States, and (2) necessitate American witnesses to testify regarding the airing of the Video in the United States, both in terms of its broadcasting, and the negative reactions and damages caused by people viewing it."  (Id. at 5-6.)

**B.    Defendants' Arguments**

     In their Opposition, Defendants assert that the jurisdictional discovery Plaintiffs are seeking from Defendants is unnecessary and unlikely to reveal information sufficient to establish jurisdiction because (1) relevant information on Sun TV's broadcasting in the United States "has already been provided to Plaintiffs or, as seen in Plaintiffs' [M]otion, is otherwise publicly available or accessible to Plaintiffs" (Opp'n at 14); (2) more information on Sun TV's YouTube channels is irrelevant, as "an authorized representative of Sun TV affirmatively stated that Sun TV did not place material about [Nithyananda] on YouTube" (id. at 21); (3) discovery regarding the ownership of Dinakaran or Kal Publications is irrelevant to the jurisdictional inquiry, as any conflict that exists between Defendants' declarations and online media reports on the ownership issue can be resolved by the Court based on pleadings and affidavits (id. at 22-23); (4) "Plaintiffs have not demonstrated how the sought-after discovery would contradict Maran's, Kannan's, or Ramesh's declarations and reveal contacts with California or the United States that would permit the Court to exercise jurisdiction over them" (id. at 11); and (5) discovery regarding Defendants' contacts with other defendants "is unlikely to reveal any information that is different from or inconsistent with what Defendants have already declared under oath" – i.e., "Defendants did not demand any money (personally or through an agent) from Plaintiffs or anyone associated with Plaintiffs in exchange for

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

not broadcasting or publishing information" about the Video, and "Defendants had no prior knowledge of Plaintiffs, had no relationship or affiliation with anyone associated with Plaintiffs, and did not threaten to injure [Nithayananda's] reputation" (id. at 12-13.).

Defendants further assert that the discovery Plaintiffs are seeking is not necessary for the Court to decide the FNC Motion, and that the interrogatories Plaintiffs are seeking to serve on Defendants would not add anything new to the record to assist the Court in ruling on the forum non conveniens issue. (Opp'n at 7-8.) Defendants assert the Court has sufficient information "(1) to determine the adequacy of India as a forum, (2) to analyze and apply choice of law principles, and (3) to balance the parties' interests." (Id.) Defendants thus assert the Court should deny the Motion as to discovery regarding the FNC Motion and decide on the FNC Motion before permitting jurisdictional discovery regarding personal jurisdiction. (Id. at 8-9.)

## C. Analysis

After considering the parties' arguments, the Court finds Plaintiffs have established a "colorable basis" for personal jurisdiction before discovery can be ordered by offering "some evidence" tending to establish the Court's jurisdiction over Defendants. See Johnson, 2012 WL 1657643, at *7. Plaintiffs have offered evidence tending to show that the Court can exercise personal jurisdiction over Defendants as to the two sub-claims under Plaintiff's sole RICO claim in the FAC – that (1) Defendants conspired with other defendants to extort money from Plaintiffs by threatening to broadcast the Video; and (2) Defendants broadcast the Video on TV and the internet and published articles about the Video with the intent to cause financial injury to Plaintiffs by harming Nithyananda's reputation in the United States. (See generally FAC.) The Court also finds Defendants should produce additional information to assist the Court in determining the forum non conveniens issue.

### (1) Discovery Regarding the Extortion Sub-Claim

In support of their contention that Defendants acted in concert with other defendants to form a common enterprise to extort Plaintiffs, Plaintiffs have submitted

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

declarations by Sri Nithya Pranananda (Doc. No. 53-10) ("Pranananda Decl."), Sri Nithya Sadhananda (Doc. No. 53-11) ("Sadhananda Decl."), Gopal Reddy Sheelum (Doc. No. 53-12) ("Sheelum Decl."), and Sri Nithya Hamsananda (Doc. No. 53-13) ("Hamsananda Decl.").  In these declarations filed by four associates of Nithyananda, three of whom have worked for Plaintiffs, declarants collectively assert that several of the other twelve defendants showed them the Video, threatened to release it to the public, and told the declarants that they represented Defendants who were demanding a large sum of money from Plaintiffs in exchange for the Video not being released.  (See Pranananda Decl. ¶¶ 3-4; Sadhananda Decl. ¶¶ 6-15; Hamsananda Decl. ¶¶ 3-4; Sheelum Decl. ¶¶ 5-10.)  These declarations constitute "some evidence" that tends to establish the Court's personal jurisdiction over Defendants, sufficient to warrant further jurisdictional discovery.  See Johnson, 2012 WL 1657643, at *7.

Defendants Maran, Kannan, and Ramesh, however, have submitted declarations in support of their, as well as Sun TV's, Motions to Dismiss, asserting that they "did not demand any money (personally or through an agent) from Plaintiffs or anyone associated with Plaintiffs in exchange for not broadcasting or publishing information" about the Video and that they "had no prior knowledge of Plaintiffs, had no relationship or affiliation with anyone associated with Plaintiffs, and did not threaten to injure [Nithyananda's] reputation."  (Opp'n at 13; Declaration of Maran (Doc. No. 27) ("Maran MTD Decl.") ¶¶ 17-18; Kannan MTD Decl. ¶¶ 26-30, 44-45; Ramesh MTD Decl. ¶¶ 18-19.)

Given the stark differences between the two sets of declarations submitted by the parties, the Court agrees in part with Defendants that jurisdictional discovery of Defendants regarding their relationship with the other defendants is not likely to "reveal any information that is different from or inconsistent with" Defendants' declarations.  (Opp'n at 12.)  Nonetheless, the Court cannot be certain that discovery "would be futile and will not yield any facts relevant to jurisdictional issues."  See EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010).  Thus, the Court grants the Motion as to the request to depose Kannan, Maran, Ramesh, and the person most knowledgeable at Sun TV (if neither Kannan nor Maran is such a person) regarding their contacts or associations with any of the other defendants who allegedly were part of the

extortion scheme against Plaintiffs. The Court, however, denies the Motion as to the requested format of the discovery – i.e., videorecorded in-person depositions and production of documents. As discussed below, Plaintiffs may conduct jurisdictional discovery on Defendants' contacts or associations with any of the other defendants on the alleged extortion scheme only through deposition by written questions, pursuant to Federal Rule of Civil Procedure ("FRCP") 31.

### (2) Discovery Regarding the Broadcasting Sub-Claim

In support of the contention that Defendants broadcast the Video on TV and the internet and published articles about the Video with the intent to cause financial injury on Plaintiffs by harming Nithyananda's reputation, Plaintiffs have submitted (1) copy of Sun TV's recent annual reports showing it broadcasts programming in the United States, (2) a Sun TV press release from 2010, indicating its outreach strategy in the United States, (3) a screenshot of Sun TV's webpage directing visitors to programming on YouTube, and (4) a screenshot of Sun TV's YouTube channel webpage, and (5) a copy of Google, Inc.'s 2012 annual report with the United States Securities and Exchanges Commission ("SEC") indicating that Google owns and operates YouTube. (See Declaration of Scott M. Lesowitz ("Lesowitz Decl.") Exs. A-F.) Plaintiffs contend these documents collectively provide evidence tending to show the Court's general and specific jurisdiction over Defendants, as the evidence suggests that Sun TV may have had systematic and continuous contacts in the United States, including in California, and that Sun TV may have expressly targeted the United States, including California. (Mem. P. & A. at 10-13.) The Court agrees.

The documents submitted by Plaintiffs provide evidence sufficient to establish a colorable basis for personal jurisdiction, indicating that further discovery may lead to evidence that affects the outcome of the pending Motions to Dismiss. See Laub, 342 F.3d at 1093. Despite Defendants' assertions that Sun TV's contact with California and broadcast of its content in California is limited, that the Video was never broadcast via Sun TV's YouTube channels, and that discovery regarding Sun TV's broadcasting activities and contracts in the United States "is unlikely to reveal contacts sufficient to establish jurisdiction" (see Opp'n at 14-22; Kannan MTD Decl. ¶¶ 14-25), the Court finds Plaintiffs have proffered sufficient evidence of Sun TV's broadcasting activities and contractual relationships with entities in California and

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

other parts of the United States to persuade the Court to permit limited jurisdictional discovery. Thus, the Court grants the Motion as to the request to depose Kannan, Maran, and the person most knowledgeable at Sun TV (if neither Kannan nor Maran is such a person) regarding the broadcast of Sun TV's content via television networks and the internet in – or expressly targeted to – California, and, in particular, the broadcast of and publication regarding the Video in – or expressly targeted to – California. The Court, however, denies the Motion as to the requested format of the discovery – i.e., videorecorded in-person depositions and production of contracts and other documents. As discussed below, Plaintiffs may conduct jurisdictional discovery on Sun TV's activities in California only through deposition by written questions, pursuant to FRCP 31.

### (3) Discovery Regarding the Ownership of Dinakaran

In order to establish that the Court has personal jurisdiction over Ramesh, editor of Dinakaran, Plaintiffs offer four internet media reports stating that a "Sun Network" or a "Sun TV Network" purchased Dinakaran in 2005. (See Mem. P. & A. at 13; Lesowitz Decl. Ex. G.) Plaintiffs contend these reports rebut the statements in the declarations by Kannan and Ramesh, in which the two Defendants assert Sun TV does not own or control Dinakaran. (See Mem. P. & A. at 13; Kannan MTD Decl. ¶ 5; Ramesh MTD Decl. ¶ 2.) Plaintiffs assert discovery regarding Dinakaran is required to "clarify the relationship between Dinakaran and Sun Network" referenced in the news reports. (Mem. P. & A. at 13.) Though the evidence supporting the Court's jurisdiction over Dinakaran is scant, the Court finds Plaintiffs have minimally satisfied the "some evidence" standard so as to permit jurisdictional discovery on the relationship between Dinakaran and Sun TV. Thus, the Court grants the Motion as to the request to inquire with Maresh, Kannan, and the person most knowledgeable at Sun TV (if Kannan is not such a person) regarding the alleged relationship between Dinakaran and Sun TV and its parent and affiliated companies. The Court, however, denies the Motion as to the requested format of the discovery – i.e., videorecorded in-person depositions and production of documents. As discussed below, Plaintiffs may conduct jurisdictional discovery on the relationship between Dinakaran and Sun TV only through deposition by written questions, pursuant to FRCP 31.

### (4) Discovery Regarding Forum Non Conveniens

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

Plaintiffs argue that discovery regarding Defendants' broadcast of and publication regarding the Video in the United States and, in particular, California is required to assist the Court's evaluation of the FNC Motion. (Id. at 13; Reply at 5-6.) Defendants, however, contend that discovery on the issue of forum non conveniens is unnecessary as the Court has sufficient information to rule on the FNC Motion. (Opp'n at 7-8.)

The Court exercises the substantial discretion and flexibility it has on discovery regarding forum non conveniens motions and grants the Motion in part. As the Ninth Circuit has declared, "[w]hen a domestic plaintiff initiates litigation in its home forum, it is presumptively convenient." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1227 (9th Cir. 2011) (citing Piper, 454 U.S. at 255-56). This presumption in favor of the plaintiff's choice of forum "'may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.'" Id. (quoting Piper, 454 U.S. at 255). According Plaintiffs the presumption of convenience of their chosen forum, the Court finds it appropriate to permit Plaintiffs limited discovery regarding Defendants' broadcast and publication activities, including those involving the Video, in – and expressly targeted to – California so that the Court may better weigh the parties' interests, evaluate the choice of law principles, and determine the adequacy of India as a forum. Thus, the Court grants in part the Motion as to the request to compel Defendants to respond to questions regarding the application of the forum non conveniens doctrine. As discussed below, Plaintiffs may conduct jurisdictional discovery on these issues through deposition by written questions, pursuant to FRCP 31, rather than through interrogatories.

**(5) Deposition by Written Questions**

As discussed above, the Court grants in part and denies in part the Motion as to the extortion sub-claim, the broadcasting sub-claim, the nature of the Sun TV–Dinakaran relationship, and forum non conveniens. In the interest of avoiding unnecessary burden and expense on the parties, and of judicial efficiency, the Court gives leave to Plaintiffs to conduct discovery of Defendants only through deposition by written questions, in accordance with the requirements set forth in FRCP 31. Plaintiffs are limited to not more than 50 written questions total (including all discrete sub-questions, if any), on the above four categories of discovery combined, for each

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION, et al. v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of December 13, 2013

Defendant. Plaintiffs shall serve each Defendant written questions for discovery not later than December 23, 2013, and Defendants shall serve their responses to the written questions on Plaintiffs, not later than January 6, 2014.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel Jurisdiction Discovery. The Court also GRANTS Defendants' Request for Judicial Notice. Plaintiffs shall conduct deposition by written questions by serving each Defendant not more than 50 written questions, on or before December 23, 2013, and Defendants shall serve their responses to the written questions on Plaintiffs, on or before January 6, 2014. As the deadline for the pending Motions to Dismiss currently is set for January 6, 2014, the Court directs the parties to file a proposed order for a revised briefing schedule.

**IT IS SO ORDERED.**