**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-00393-VAP (SPx)                              Date:  March 6, 2014

Title:   LIFE BLISS FOUNDATION AND NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER -v- SUN TV NETWORK LIMITED, ET AL.
===============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

     Marva Dillard                                                        None Present
     Courtroom Deputy                                               Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                  DEFENDANTS:

     None                                                                    None

PROCEEDINGS:     ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE (IN CHAMBERS)

     On March 1, 2013, Plaintiffs Life Bliss Foundation and Nithyananda Dhyanapeetam Temple and Cultural Center (collectively, "Plaintiffs") filed a Complaint (Doc. No. 1), alleging that the defendants named in the Complaint violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), resulting in a decline of donations, sales, and revenue for Plaintiffs.  (Compl. ¶¶ 3-19, 25-28.) On April 5, 2013, Plaintiffs filed a First Amended Complaint (Doc. No. 4) and, on June 27, 2013, a corrected First Amended Complaint (Doc. No. 8) ("FAC"), alleging the same RICO claim asserted in the Complaint, but adding another defendant and more factual details.  (<u>See generally</u> FAC.)  The defendants named in the FAC are: (1) Sun TV Network Limited; (2) Nakkheeran Publications; (3) Kalanithi Maran; (4) Dharmaraja Hansraj Saxena; (5) Ramados Ayyappan; (6) V. Raja; (7) S.

EDCV 13-00393-VAP (SPx)
LIFE BLISS FOUNDATION AND NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER v. SUN TV NETWORK LIMITED, et al.
MINUTE ORDER of March 6, 2014

Kannan; (8) R.M.R. Ramesh; (9) Ramanathan Gopal; (10) Annamalai Kamaraj; (11) Nithya Dharmananda, a.k.a., Lenin Karuppannan; (12) Moorthi Shreedhar; (13) Karuppannan Kumar; (14) Giridhar Lal Prasan Kumar; (15) Aarthi Rao; and (16) Manickam Narayanan.  (See FAC ¶¶ 5-20.)

To date, Plaintiffs have filed proofs of service on seven defendants: Sun TV Network Limited, Nakkheeran Publications, Kalanithi Maran, Dharmaraja Hansraj Saxena, S. Kannan, Ramanathan Gopal, and Annamalai Kamaraj.  (See Proofs of Service (Doc. Nos. 36-42).)  As for R.M.R. Ramesh, Plaintiffs have not yet filed a proof of service on him.  On September 25, 2013, Ramesh filed a Motion to Dismiss for lack of personal jurisdiction (Doc. No. 28), a Motion to Dismiss for failure to state a claim, with three other defendants (Doc. No. 30), and a Motion to Dismiss based on the forum non conveniens doctrine and improper venue, with the same three defendants (Doc. No. 31).  Ramesh did not raise either the insufficient process or the insufficient service of process issue in any of these motions.  Rather, he has continued to prosecute his case.  Federal Rule of Civil Procedure ("FRCP") 12(g)-(h) provides that failure to assert a defense or an objection based on insufficient process or insufficient service of process in a FRCP 12 motion is considered a waiver of the defense or objection.  Fed. R. Civ. P. 12(g)-(h).  The Court thus finds Ramesh has waived his insufficient process and insufficient service of process defenses, and considers the FAC served on him, effective September 25, 2013.

Plaintiffs have not filed a proof of service on the other eight defendants in this action: Ramados Ayyappan, V. Raja, Nithya Dharmananda, a.k.a., Lenin Karuppannan, Moorthi Shreedhar, Karuppannan Kumar, Giridhar Lal Prasan Kumar, Aarthi Rao, and Manickam Narayanan (collectively, "Unserved Defendants").  Nor have Plaintiffs submitted evidence purporting to show efforts made to give notice or a reason notice should not be required.  Pursuant to FRCP 4(m), a plaintiff must serve summons and complaint on all named defendants within 120 days of filing. When a plaintiff fails to prosecute the case, the Court on its own motion may dismiss the case for that failure under FRCP 41(b).  See Tolbert v. Leighton, 623 F.2d 585, 586-87 (9th Cir. 1980).  Plaintiffs have failed to prosecute this action as to Unserved Defendants, as more than 120 days have elapsed since Plaintiffs filed the Complaint on March 1, 2013 and the corrected FAC on June 27, 2013, in which one of the

**EDCV 13-00393-VAP (SPx)**
**LIFE BLISS FOUNDATION AND NITHYANANDA DHYANAPEETAM TEMPLE & CULTURAL CENTER v. SUN TV NETWORK LIMITED, et al.**
**MINUTE ORDER of March 6, 2014**

Unserved Defendants was added.  Thus, this action is subject to dismissal as to the eight Unserved Defendants.

Accordingly, the Court ORDERS Plaintiffs to show cause, in writing, not later than March 13, 2014, why Ramados Ayyappan, V. Raja, Nithya Dharmananda, a.k.a., Lenin Karuppannan, Moorthi Shreedhar, Karuppannan Kumar, Giridhar Lal Prasan Kumar, Aarthi Rao, and Manickam Narayanan should not be dismissed without prejudice for failure to prosecute.  Failure to file a response will result in dismissal of the FAC as to Unserved Defendants.

**IT IS SO ORDERED.**